George CARRAS, Plaintiff–Appellant,

v.

MGS 728 LEX, INC., Stephano Maraolo, and Agostino Nastasi, Defendants–Appellees.

No. 07–4480–cv.

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

Nathaniel B. Smith, New York, NY, for Appellant.

Umar A. Sheikh (Owen Wincig, on the brief), Law Offices of Wincig & Wincig, New York, NY, for Appellees.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

Plaintiff George Carras appeals from a judgment of the District Court granting defendants' motion for summary judgment. The defendants are MGS 728 Lex, Inc. ("MGS"), a shoe importer; Stephano Maraolo, the former President of MGS; and Agostino Nastasi, the former Vice President of Marketing at MGS. Plaintiff worked at MGS from March 1999 until his termination in April 2001, serving for his entire tenure as the company's Chief Financial Officer. He brought this suit in September 2002 alleging impermissible discrimination based on his age in violation of various federal and state statutes. *See*

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.;* the New York State Human Rights Law, New York Executive Law § 296; and the New York City Human Rights Law, New York City Admin. Code §§ 8–107, 8–502.[1] On appeal, plaintiff argues that the District Court misapplied both *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (establishing a "burden shifting" analysis for claims brought under Title VII of the Civil Rights Act of 1964), and *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (establishing a "mixed motive" analysis for discrimination claims). We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's grant of summary judgment *de novo,* construing all facts in favor of the non-moving party. *See Graves v. Finch Pruyn & Co.,* 457 F.3d 181, 183 (2d Cir.2006). Summary judgment is only warranted upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

As applied in the employment context, *McDonnell Douglas Corp.* requires a plaintiff to produce some evidence showing the *prima facie* elements of a discrimination claim, whereupon the "burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the termination." *Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir.2004) (internal quotation marks omitted). If a defendant produces admissible evidence showing legitimate business reasons for terminating plaintiff, "the burden shifts back to the plaintiff to demonstrate by

competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (internal quotation marks omitted). Summary judgment is appropriate where "the plaintiff has failed to show that there is evidence that would permit a rational factfinder to infer that the employer's proffered rationale is pretext." *Id.* Of course, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*

The District Court assumed that plaintiff had established a *prima facie* claim, and therefore did not address any specific elements of his claim. Based on our review of the record, plaintiff has satisfied the elements of a *prima facie* claim under the ADEA by showing that (1) he was in his early 60s, and was therefore within the protected age group; (2) he was qualified to be CFO—a point the parties do not contest; (3) he was terminated; and (4) his termination "occurred under circumstances giving rise to an inference of discrimination." *Terry v. Ashcroft,* 336 F.3d 128, 138 (2d Cir.2003). The specific circumstances include that he was 62 years old and was replaced by a person 26 years old, that his co-worker Nastasi repeatedly complained to Maraolo that plaintiff was too old, and that while firing plaintiff, Maraolo told him that he (Maraolo) "had enough of [Nastasi]," (Carras Dep. 57:6–8), implying that he no longer wanted to rebuff or listen to Nastasi's oft-repeated objections to plaintiff's age.

Defendants responded with affidavits that plaintiff was fired for cost-cutting reasons, not because of his age. Plaintiff replied that defendants' cost-cutting con-

---

1. We review age discrimination claims brought under the New York State Human Rights Law and the New York City Human Rights Law under the same standards as claims brought under the ADEA. *See Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001).

cerns were pretextual and ultimately would not negate the discriminatory motivation which led defendants to fire plaintiff as opposed to firing someone else, or saving money in other ways. Specifically, Nastasi cited (1) Maraolo's reference to Nastasi while firing plaintiff; (2) Nastasi's prior comment to plaintiff about plaintiff's age; (3) deposition testimony by Winegard, plaintiff's replacement, that Maraolo and Nastasi had openly joked about plaintiff's age on several occasions; (4) plaintiff's offer to work for $60,000 annually—less than Winegard's salary as CFO; and (5) the approximately 40–year age difference between plaintiff and Winegard. Plaintiff argues that this evidence, some of which defendants dispute, could allow a jury to conclude that plaintiff was fired because of his age.

We agree. Although the record shows that MGS was in a difficult financial position and was attempting to cut costs, the District Court's repeated references to the company's financial situation reflect, in our view, an impermissible weighing of the evidence. For example, although the District Court acknowledged plaintiff's offer to work for a reduced salary, the Court concluded that "even a $60,000 salary would have presented a substantial [financial] issue." (Opinion 14.) However, a jury could have determined, based on plaintiff's offer to work for less than what was paid to Winegard, that the employer's motivation for firing him was not cost cutting but was rather discrimination against his age.

Maraolo's reference to Nastasi while firing plaintiff raises similar concerns. According to plaintiff, Maraolo stated, "I have to let you go because of cost cutting and I have had enough of [Nastasi]." (Carras Dep. 57:6–8.) Plaintiff believes that "I have had enough of [Nastasi]" suggests that Nastasi—who allegedly told plaintiff that he was "too old," (Carras

Dep. 81:15)—had complained about plaintiff to Maraolo. Under the circumstances presented in this case, a jury could reasonably infer from Maraolo's comments that Maraolo was influenced by the opinions of Nastasi, who worked for the Maraolo family since 1982 or 1983. We therefore conclude that plaintiff has come forward with sufficient evidence of pretext and discrimination to foreclose summary judgment.

For substantially similar reasons, summary judgment under *Price Waterhouse*—the District Court's alternative basis for judgment—is not justified. Based on the record before us, plaintiff has "presented evidence sufficient to support an inference of impermissible discrimination." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 162 (2d Cir.1998) (applying *Price Waterhouse*). Although defendants argued that plaintiff's termination was inevitable in light of the company's financial situation, their evidence did not exclude a question of material fact on this issue. Defendants failed to show entitlement to summary judgment on the *Price Waterhouse* theory. In remanding this case, we intimate no view on whether defendants may present a *Price Waterhouse* defense to the trier of fact. *See Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171, 181 (2d Cir.1992) (stating that, once "plaintiff has carried the burden of persuading the trier that the forbidden animus was a motivating factor in the employment decision . . . the employer has the option of defending on the *Price Waterhouse* ground that it would have made the same decision even in the absence of a discriminatory motive").

For the foregoing reasons, we **VACATE** the judgment of the District Court and **REMAND** the cause for further proceedings consistent with this order.